09-2897-pr
Cole v. Fischer

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the twenty-seventh day of May, two thousand and ten.

PRESENT:

> JOSÉ A. CABRANES,
> ROBERT A. KATZMANN,
> > *Circuit Judges*,
> J. GARVAN MURTHA,
> > *District Judge*.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

RONNIE COLE,

> *Plaintiff-Appellant*,

v.                                                                No. 09-2897-pr

Commissioner BRIAN FISCHER, ROBERT ERCOLE, G.H.C.F.,
KEVIN LAPORTO, G.H.C.F., P. TROWBRIDGE, G.H.C.F.,
G. LEHOYSKI, G.H.C.F., Director DONALD SELSKY, Special
Housing Inmate Disciplinary Program, NEW YORK STATE
DEPARTMENT OF CORRECTIONAL SERVICES,
JOHN D. HALICKI, Inmate Disciplinary Program,

> *Defendants-Appellees*.

---

* The Honorable J. Garvan Murtha, Senior Judge of the United States District Court for the District of Vermont, sitting by designation.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT:**      Ronnie Cole, *pro se*, NY.

**FOR DEFENDANTS-APPELLEES:**      Robert C. Wiesz, Assistant Solicitor General (Andrew M. Cuomo, Attorney General, Barbara D. Underwood, Solicitor General, *on the brief*), State of New York, Office of the Attorney General, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Barbara S. Jones, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part (insofar as it dismissed (1) plaintiff's claims that defendants filed false reports, (2) plaintiff's claims that defendants were deliberately indifferent to his serious medical needs, (3) plaintiff's disability discrimination claims, (4) plaintiff's racial and religious discrimination claims against all defendants except Lehoyski, and (5) plaintiff's excessive force claims against all defendants except Lehoyski ); **VACATED** in part (insofar as it dismissed plaintiff's claims against Lehoyski for (1) using excessive force and (2) discriminating against plaintiff on the basis of race and religion); and the cause is **REMANDED** for further proceedings consistent with this order.

Plaintiff-appellant Ronnie Cole ("plaintiff" or "Cole"), proceeding *pro se*, appeals from the District Court's order granting dismissal of his amended 42 U.S.C. § 1983 complaint, and an order denying his request for leave to file a second amended complaint. We assume the parties' familiarity with the factual and procedural history of the case.

We review *de novo* a District Court's dismissal for failure to state a claim, *see* Fed. R. Civ. P. 12(b)(6), assuming all well-pleaded, nonconclusory factual allegations in the complaint to be true, *see* *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); *Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009).

We review the denial of a motion for leave to amend the complaint for abuse of discretion. *Green v. Mattingly*, 585 F.3d 97, 104 (2d Cir. 2009). Rule 15(a) of the Federal Rules of Civil Procedure instructs that leave to amend should be "freely given." Fed. R. Civ. P. 15(a). Moreover, "[a] *pro se* complaint is to be read liberally" and "[c]ertainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (quoting *Branum*

2

*v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)).

Here, an independent review of the record and relevant case law reveals that the District Court properly dismissed most of plaintiff's claims and properly denied his request for leave to file a second amended complaint. Except as noted below, we affirm the judgment of the District Court for substantially the reasons stated in its thorough orders entered on May 29, 2009. *See Cole v. Fischer*, No. 07 Cv. 11096, 2009 WL 1514699 (S.D.N.Y. May 29, 2009) (*Cole I*) (dismissing plaintiff's claims); *Cole v. Fischer*, No. 07 Cv. 11096, 2009 WL 1514691 (S.D.N.Y. May 29, 2009) (*Cole II*) (denying plaintiff's request for leave to amend). We conclude, however, that the District Court erred in two respects.

First, the District Court erred when it concluded that Cole's excessive force claim did not rise to the level of an Eighth Amendment violation. "The Eighth Amendment prohibits the infliction of cruel and unusual punishments including the unnecessary and wanton infliction of pain." *Griffin v. Crippen*, 193 F.3d 89, 91 (2d Cir. 1999) (citation and internal quotation marks omitted). For excessive force claims, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). The malicious use of force to cause harm constitutes a *per se* Eighth Amendment violation regardless of whether there is a significant injury. *See Blyden v. Mancusi*, 186 F.3d 252, 263 (2d Cir. 1999) (citation omitted); *see also Wright v. Goord*, 554 F.3d 255, 270 (2d Cir. 2009). However, the prohibition against cruel and unusual punishment does not extend to the *de minimis* use of force, provided that such force "is not of a sort repugnant to the conscience of mankind." *See Baskerville v. Mulvaney*, 411 F.3d 45, 48 (2d Cir. 2005) (internal quotation marks omitted).

In his amended complaint, Cole alleged that he had refused to respond to the offer of Correction Officer Lehoyski ("Lehoyski") of a corrupt "deal"; that Lehoyski had then directed Cole to follow him somewhere else; and that, as Cole attempted to pick up his clothing, Lehoyski had hit him in the face and used racially and religiously derogatory language towards him. Although the District Court correctly noted that Cole did not allege that he had suffered any injuries as a result of the hitting, the District Court erred in finding that there was nothing to suggest that the force was applied maliciously, or for any reason other than to maintain discipline and order in the facility. As we have explained, "the absence of any significant injury . . . does not end the Eighth Amendment inquiry, for our standards of decency are violated even in the absence of such injury if the defendant's use of force was malicious or sadistic." *Wright*, 554 F.3d at 270. Assuming the facts alleged in Cole's amended complaint are true, as we are required to on a motion to dismiss, it is possible to infer that Lehoyski's use of force was malicious in light of Cole's allegations that Lehoyski simultaneously made racially and religiously derogatory remarks, and that the force was used just after he had turned down an offer of a corrupt deal. Accordingly, we conclude that the

3

District Court erred in dismissing plaintiff's Eighth Amendment claim for excessive force against Lehoyski.

We also conclude that the District Court erred in dismissing plaintiff's Fourteenth Amendment claims against Lehoyski for discrimination on the basis of race and religion. The District Court explained that "[t]he only allegations in the Amended Complaint that relate to this claim are that . . . Lehoyski used a racial epithet, made a derogatory comment about Muslims, and mocked Cole for wearing an adult diaper" and that such "[v]erbal harassment and name calling, absent physical injury, are not constitutional violations cognizable under Section 1983." *Cole I*, 2009 WL 1514699, at *5. Although verbal harassment, standing alone, does not amount to a constitutional deprivation, *see Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986) (holding that name-calling without "any appreciable injury" did not violate inmate's constitutional rights), plaintiff's amended complaint alleged that Lehoyski became physically abusive and hit plaintiff in the face while using racial epithets and referring to plaintiff's religion. And although plaintiff does not explicitly allege that he suffered any injury, we may liberally construe allegations about being struck in the face as sufficiently stating an "appreciable injury." *See id.*; *cf. Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (explaining that "when a plaintiff proceeds *pro se*, a court is obliged to construe his pleadings liberally" and that "[t]his is particularly so when the *pro se* plaintiff alleges that [his] civil rights have been violated" (citations and alterations omitted)). When the verbal harassment and simultaneous physical abuse alleged in the amended complaint are considered together, we have little trouble concluding that plaintiff's allegations were sufficient to state a § 1983 claim for discrimination on the basis of race and religion.[1]

Accordingly, we vacate the District Court's judgment only insofar as it dismissed plaintiff's claims against Lehoyski for (1) using excessive force in violation of plaintiff's Eighth Amendment rights and (2) discriminating against plaintiff on the basis of race and religion in violation of plaintiff's Fourteenth Amendment rights.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the District Court insofar as it dismissed (1) plaintiff's claims that defendants filed false reports, (2) plaintiff's claims that defendants were deliberately indifferent to his serious medical needs, (3) plaintiff's disability discrimination claims, (4) plaintiff's racial and religious discrimination claims against all defendants

---

[1] We affirm the judgment of the District Court insofar as it dismissed any claim of discrimination on the basis of disability. Unlike the alleged comments about Cole's race and religion, the alleged comment about Cole wearing an adult diaper was not accompanied by any physical abuse and therefore did not rise to the level of a constitutional violation. *See Purcell*, 790 F.2d at 265.

except Lehoyski, and (5) plaintiff's excessive force claims against all defendants except Lehoyski. We **VACATE** the judgment of the District Court only insofar as it dismissed plaintiff's claims against Lehoyski for (1) using excessive force in violation of plaintiff's Eighth Amendment rights and (2) discriminating against plaintiff on the basis of race and religion in violation of plaintiff's Fourteenth Amendment rights.

We **REMAND** the cause for further proceedings consistent with this order.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court