08-6048-pr
Johnston v. Genesee County Sheriff Maha

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of February, two thousand twelve.**

PRESENT:

AMALYA L. KEARSE,
JOSÉ A. CABRANES,
CHESTER J. STRAUB,
         *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

DAVID JOHNSTON,

         *Plaintiff-Appellant*,

         -v.-                                                    No. 08-6048-pr

GENESEE COUNTY SHERIFF MAHA, SUPERINTENDENT RONALD GREER, SENIOR C.O. ZIPFEL, CORRECTION OFFICER WOLFF, CORRECTION OFFICER KLOMETZ, DEPUTY ZEHLER, SENIOR C.O. LUPLOW, SENIOR C.O. CAWKINS, CORRECTION OFFICER LINDSAY, GENESEE COUNTY, GENESEE COUNTY JAIL, CORRECTION OFFICER CONWAY, CORRECTION OFFICER RIDDER, CORRECTION OFFICER SMITH, NURSE TERESE BRYAN, CORRECTION OFFICER HOY, TRANSPORTATION OFFICER JOHN DOE, GENESEE COUNTY JAIL DOCTOR JOHN DOE 2, UNITED MEMORIAL HOSPITAL DOCTOR JANE DOE, UNITED MEMORIAL HOSPITAL NURSE JANE DOE, JANE-JOHN DOE ONE-FIFTEEN, UNITED MEMORIAL HOSPITAL,

         *Defendants-Cross-Claimants-Cross-
         Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR APPELLANT:**                                    DAVID H. REICHENBERG
                                                       (Jonathan M. Jacobson, Daniel P.
                                                       Weick, on the brief), Wilson
                                                       Sonsini Goodrich & Rosati, New
                                                       York, NY.

**FOR APPELLEE:**                                     HARRY F. MOONEY, Hurwitz &
                                                       Fine, P.C., Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (David G. Larimer, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED IN PART** (as to Counts Four through Seventeen of the Complaint), **VACATED IN PART** (as to Counts One, Two, and Three of the Complaint), **AND REMANDED TO THE DISTRICT COURT**.

Plaintiff-appellant David Johnston appeals from a judgment of the District Court granting summary judgment to defendants on all counts of a seventeen-count complaint (the "Complaint"). We assume the parties' familiarity with the underlying facts and the procedural history.

This appeal arises out of three incidents that allegedly occurred when plaintiff was being held at the Genesee County Jail: his placement in isolation in February and March of 2005 while he was awaiting trial on burglary charges (Counts One and Two, respectively), and an alleged attack on plaintiff by a correctional officer in July 2005, shortly after his sentence was pronounced (Count Three).[1] Plaintiff alleges in Counts One and Two that the stints in isolation, during which he was allegedly neither informed of the reason for his placement in isolation nor given an opportunity to challenge that

---

[1] Plaintiff, who brought this appeal while proceeding *pro se*, initially raised other issues on appeal, including claims related to an allegedly unconstitutional denial of medical care. We appointed counsel on April 13, 2011, whom we instructed to brief "as many . . . nonfrivolous claims" as plaintiff desired to pursue on appeal. Counsel has briefed only the three claims arising out of the incidents described above: plaintiff's two stints in isolation and the alleged attack by the jail officer. To the extent plaintiff may raise any objections to the District Court's rulings that are not presented by his counsel, including the objections he initially raised on appeal, they are meritless and must be rejected. We therefore affirm the judgment of the District Court with regard to all but the three counts specifically discussed in this order. Accordingly, we do not discuss in this order the claims initially brought by plaintiff on appeal, except insofar as they overlap with the issues briefed by plaintiff in conjunction with appointed counsel.

2

placement, violated his right to due process of law. He also argues in Count Three that the alleged assault by the correctional officer, which occurred less than two days before plaintiff was to be transferred into State custody to begin serving his sentence, violated his Eighth Amendment right to be free from cruel and unusual punishment.

The proceedings in the District Court began when the plaintiff filed, *pro se*, a seventeen-count complaint alleging the above and other violations of his rights. After a period of discovery, defendants moved for summary judgment, which was granted by the District Court. The District Court found that *Sandin v. Conner*, 515 U.S. 472 (1995), operated to bar plaintiff's due process claim with regard to Count One, as "there [was] no indication that [the placement into isolation] amounted to an 'atypical and significant hardship' compared to the burdens of ordinary jail or prison confinement." *Johnston v. Maha*, 584 F. Supp. 2d 612, 615 (W.D.N.Y. 2008) ("*Johnston I*") (order granting summary judgment to defendants). The District Court further found that plaintiff had failed properly to exhaust the claims asserted in Counts Two and Three as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), but that even if he had properly exhausted those counts, they would fail on the merits. *Johnston I*, 584 F. Supp. at 614, 617.

Plaintiff argues on appeal that (1) the District Court applied an incorrect standard of law when it applied *Sandin*'s "atypical and significant hardship" test to Count One and, in the alternative, Count Two, rather than the due process standard that is applicable to pretrial detainees; and (2) the District Court erred by finding that Counts Two and Three were unexhausted within the meaning of the PLRA.

DISCUSSION

A.    *Counts One and Two: The Due Process Standard*

The District Court erred in applying *Sandin v. Conner*, a case applying the Eighth Amendment to claims brought by convicted prisoners, to Johnston, who in February and March 2005 was a pretrial detainee. *See Benjamin v. Fraser*, 264 F.3d 175, 188–89 (2d Cir. 2001) (holding that *Sandin v. Conner* does not apply to pretrial detainees); *see also Sandin*, 515 U.S. at 484–85 (distinguishing the due process rights

3

of pretrial detainees from those of convicted prisoners).  The court should instead have evaluated Count One (and, putting aside the exhaustion issue for the moment, Count Two[2]) under the Fourteenth Amendment, which governs the due process rights of pretrial detainees.  *See Benjamin*, 264 F.3d at 190 ("A detainee's interest in freedom from unjustified infliction of pain and injury is . . . substantial.").

We decline to resolve the Fourteenth Amendment issue in the first instance.  *See United States v. Brennan*, 650 F.3d 65, 125 (2d Cir. 2011); *Cerrone v. Brown*, 246 F.3d 194, 203 (2d Cir. 2001).  Although it seems not implausible to us that these claims will survive summary judgment, the question presented here—whether defendants are entitled to summary judgment on plaintiff's argument that he was twice placed in isolation as a form of punishment and was each time denied the opportunity to challenge his placement—must first be answered by the District Court.  We vacate the District Court's ruling as to Count One and its alternative merits evaluation of Count Two and remand for the application of the correct legal standard to both counts.

B.     *Count Two: Exhaustion*

The District Court erred when it determined that Count Two had not been properly exhausted.  The plaintiff submitted a "Grievance Tracking Form"—which he received from the Genesee County Jail through the discovery process—purporting to demonstrate that he had properly exhausted his administrative remedies as to certain claims.  Without explanation, the District Court found that plaintiff had not demonstrated proper exhaustion of Count Two.  Defendants on appeal defend the District Court's decision, but do not specify any steps of the grievance process that were not properly followed by the plaintiff.  Instead, they simply claim that plaintiff failed to provide copies of any follow-up to the initial rejection of his grievance.

The District Court's finding on summary judgment that the plaintiff had not exhausted Count Two was erroneous.  To the contrary, the form submitted by the plaintiff, which showed the dates on which the plaintiff carried out each stage of the grievance process, was sufficient to raise an issue of

---

[2] Although the court did not specify that it would decide Count Two under *Sandin*, given the court's brief treatment of the merits of the "unexhausted" claims we assume it used the same incorrect standard for Count Two as it did for Count One.

4

material fact as to whether he had exhausted his remedies.[3] The defendants appear not to have called into question the credibility of the document they themselves provided, nor do they give any explanation for their contention that the document does not show proper exhaustion. The defendants have the burden of showing that there is no genuine issue of material fact as to exhaustion that would preclude summary judgment. The court's conclusion that the document does not show proper exhaustion fails to properly allocate the burden of proof and must be reversed.[4]

C.     *Count Three: Exhaustion and Merits*

The District Court erred when it found that the PLRA barred the plaintiff from pursuing Count Three. To the contrary, the plaintiff was excused from the requirement of PLRA exhaustion as to Count Three, because the grievance process became unavailable to him when he was moved to a prison facility in a different jurisdiction less than two days after the alleged assault.[5] *See Rodriguez v. Westchester Cnty. Jail Corr. Dep't*, 372 F.3d 485, 488 (2d Cir. 2004); *see generally Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004).[6] The PLRA does not require prisoners to reach across jurisdictional lines to take advantage of grievance systems that are no longer available to them. *See Rodriguez*, 372 F.3d at 488. Therefore, in such situations, courts are entitled to excuse the exhaustion requirement. We do so here.

---

[3] The document is unclear as to which counts in the complaint, if any, the various exhausted claims listed on the sheet may support. Unless the parties can reach agreement on this issue, it is a material issue of fact to be resolved at trial if and when the defendants raise their affirmative defense of nonexhaustion. *See Jones v. Bock*, 549 U.S. 199, 211–212 (2007) (holding that lack of PLRA exhaustion is an affirmative defense).

[4] Of course, as noted above, should defendants wish to raise the affirmative defense of lack of exhaustion under the PLRA at trial and therefore contest the genuineness or admissibility of the document at that time, they must be permitted to do so.

[5] Defendants claim that this argument is not properly before us because the plaintiff did not raise it in the District Court. Indeed, plaintiff, who was at the time proceeding *pro se*, did not specifically argue that his transfer exempted him from the requirements of the PLRA. Instead, he argued to the court that his transfer to from County to State custody took place less than two days after the alleged assault and that he could not complete the jail's grievance process in such a short period of time. Given our obligation, and the obligation of the District Court, to "construe . . . liberally" the submissions of a *pro se* litigant and to "'interpret them to raise the strongest arguments that they suggest,'" *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), we conclude that plaintiff's unavailability argument is properly before us.

[6] Defendants argue that *Woodford v. Ngo*, 548 U.S. 81 (2006), abrogated the rule we set forth in *Hemphill*, which provides for an exemption to the PLRA for inmates to whom the normal grievance system was unavailable. Their argument is meritless: Although *Ngo* requires that prisoners "properly" exhaust the available remedies under the PLRA, it certainly does not abrogate the unavailability defense to nonexhaustion. *See Macias v. Zenk*, 495 F.3d 37, 45 (2d Cir. 2007) (evaluating plaintiff's unavailability defense under the *Hemphill* standard); *see also Kaba v. Stepp*, 458 F.3d 678, 684, 686 (7th Cir. 2006).

Because there are several clearly material issues of disputed fact regarding the events that gave rise to Count Three,[7] we reverse the District Court's grant of summary judgment on this count and remand for a trial on the merits.

CONCLUSION

We have considered plaintiff's remaining arguments and find them to be meritless. Accordingly, we AFFIRM the November 7, 2008 judgment of the District Court as to Counts Four through Seventeen, VACATE the judgment with regard to Counts One, Two, and Three, and REMAND the cause for further pretrial and/or trial proceedings under the correct legal standard with respect to Counts One and Two, and for trial on Count Three.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

---

[7] Such issues include, but are not limited to, whether the corrections officer acted with malicious intent, whether his alleged use of force was excessive or improper, and the extent (if any) to which the other officers present were involved in the events that allegedly took place.