12-2086-pr
Toliver v. City of New York et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of July, two thousand thirteen.

PRESENT:
> RALPH K. WINTER,
> GERARD E. LYNCH,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

MICHEL TOLIVER,

>                *Plaintiff-Appellant*,

>        v.                                                        No. 12-2086-pr

CITY OF NEW YORK, DEPARTMENT OF
CORRECTIONS, COMMISSIONER OF THE
DEPARTMENT, CHIEF OF THE
DEPARTMENT, GEORGE R. VIERNO CENTER,
MERCED, CAPTAIN, #211, MAKAS, CAPTAIN,
ALMANZAR, CORRECTIONS OFFICER, JOHN
DOE, CORRECTIONS OFFICER, TAPIA,
CORRECTIONS OFFICER, #12362, MCARDLE,
CORRECTIONS OFFICER, #17893,[*]

>                *Defendants-Appellees*.

_____

> [*] The clerk is respectfully directed to amend the caption as shown above.

FOR APPELLANT:          Michel Toliver, *pro se*, Romulus, N.Y.

FOR APPELLEES:          Edward F. X. Hart, Joseph A. Marutollo, and Tahirih Sadrieh,
                        Assistant Corporation Counsel,  *for* Michael A. Cardozo,
                        Corporation Counsel for the City of New York, New York, N.Y.


Appeal from a judgment of the United States District Court for the Southern District of New York (Richard J. Sullivan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and the case is **REMANDED** for further proceedings consistent with this order.

Michel Toliver, proceeding pro se, appeals from the district court's March 19, 2012 order granting the defendants' motion to dismiss his complaint pursuant to Rule 12(b)(6).  We review the grant of a motion to dismiss de novo.  Harris v. Mills, 572 F.3d 66, 71 (2d Cir. 2009).  We accept all factual allegations as true and draw all reasonable inferences in the plaintiff's favor. Id.  We do not, however, accept the complaint's legal conclusions at face value.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Rather, the complaint must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Finally, because Toliver is pro se, we construe his complaint liberally, reading it "to raise the strongest arguments it suggests."  Walker v. Schult, --- F.3d ----, 2013 WL 2249159, at *3 (2d Cir. 2013) (internal quotation marks and brackets omitted).  We assume the parties' familiarity with the underlying facts and procedural history.

Construed liberally, Toliver's complaint raises claims under the First and Fourteenth Amendments, and possibly the Eighth Amendment.[1]  In evaluating the complaint's sufficiency, the district court focused on Toliver's allegations concerning the events of September 4, 2010 and dismissed all claims arising from those events because Toliver alleged only "'verbal harassment,'" which the court held, "'standing alone, does not amount to a constitutional deprivation.'"  Toliver v. City of N.Y., No. 10 Civ. 7798 (RJS), 2012 WL 914948, at *3 (S.D.N.Y. Mar. 19, 2012) (discussing allegations construed as Eighth Amendment claim), quoting Cole v. Fisher, 379 F. App'x 40, 43 (2d Cir. 2010); see also id. at *5 (discussing First Amendment claim).  Indeed, Toliver's allegations concerning September 4, 2010, viewed in isolation, amount to no more than "[i]nsulting or disrespectful comments," a "hostile manner," or "sarcastic comments," which, we have held, "without more" are "simply *de minimis*" acts that fall "outside the ambit of constitutional protection," Davis v. Goord, 320 F.3d 346, 353 (2d Cir. 2003) (internal quotation marks omitted).

---

[1] In addition to alleging First Amendment and due process violations, Toliver claims that he suffered cruel and unusual punishment.  The district court accordingly treated his complaint as asserting violations of the Eighth Amendment.  See Toliver v. City of N.Y., No. 10 Civ. 7798 (RJS), 2012 WL 914948, at * 3-4 (S.D.N.Y. Mar. 19, 2012).  However, while the record in this case is unclear, Toliver may have been a pretrial detainee at Rikers.  If so, the Eighth Amendment would not apply, as "a pretrial detainee . . . cannot be punished at all," Johnston v. Maha, 606 F.3d 39, 41 (2d Cir. 2010), and any excessive force or unconstitutional conditions claims should be analyzed under the Due Process Clause of the Fourteenth Amendment.  See Caiozzo v. Koreman, 581 F.3d 63, 69 (2d Cir. 2009) (analyzing pretrial detainee's claim of deliberate indifference under the Fourteenth Amendment); United States v. Walsh, 194 F.3d 37, 47 (2d Cir. 1999) (holding that a pretrial detainee's right to be free of excessive force is protected by the Fourteenth Amendment).  We need not determine whether Toliver was a pretrial detainee, as the precise source of the rights he asserts does not affect our analysis.  On remand, the district court can clarify Toliver's situation and the applicable legal standards.

However, Toliver has filed a number of other actions in the Southern District of New York stemming from his detention at Rikers Island. Those actions involve allegations of physical assaults, including an allegation that Toliver was forcibly sodomized by Captain Merced, a defendant in this case. That allegation is clearly referenced in the present complaint. Toliver's many complaints also include allegations, echoed throughout his filings in this case, of unlivable conditions, including deprivations of meals, exercise, showers, running water, and working toilets.

Viewed in context and in the light most favorable to Toliver, the officers' harassing conduct on September 4, 2010 amounted to more than verbal taunts. The conduct alleged included explicitly retaliatory threats made by a group of officers that included at least one who allegedly had already physically abused Toliver. Furthermore, the officers' threats that they would "break [Toliver's] bones" if he attempted to shower were arguably linked to deprivations of basic necessities. Against the broader factual background sketched by Toliver's complaint and related filings, a reasonable jury could find that the officers' allegedly retaliatory conduct on September 4, 2010 "would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights," Dawes v. Walker, 239 F.3d 489, 493 (2d Cir. 2001), overruled on other grounds by Swierkiewicz v. Sorema N. A., 534 U.S. 506 (2002). See Scott v. Coughlin, 344 F.3d 282, 285, 289 (2d Cir. 2003) (though plaintiff's allegations were "murky," they suggested a "campaign of harassment" actionable under § 1983); Davidson v. Chestnut, 193 F.3d 144, 150 (2d Cir. 1999) (deeming the question of whether alleged retaliatory acts are de minimis "factual in nature," and remanding for consideration of whether an "asserted one-day denial of an opportunity to exercise" was more than de minimis).

4

Moreover, Toliver should be given an opportunity to develop his arguments that the more serious ongoing deprivations and assaults he allegedly suffered throughout his time at Rikers Island, viewed as a whole, violated the Constitution, see Johnston v. Maha, 460 F. App'x 11, 14 (2d Cir. 2012) (summary order) (remanding for consideration of pretrial detainee's claims under the Fourteenth Amendment where district court had erroneously construed claim under the Eighth Amendment), that any emotional injuries he suffered on September 4, 2010 were ongoing injuries stemming originally from the alleged May 20, 2010 assault by Merced and others,[2] and that supervisory personnel were, as he claims, aware that particular officers were harassing and assaulting inmates, see Grullon v. City of New Haven, --- F.3d ---, 2013 WL 3023464, at *7 (2d Cir. 2013) (pro se allegations that a prisoner sent a letter to a warden complaining of unconstitutional conditions that were not remedied are sufficient to state a claim for deliberate indifference against the warden).

We note that some of Toliver's more serious allegations involving physical assaults appear likely to proceed to trial in separate actions. On December 3, 2012, Judge Laura Taylor

---

[2] The district court correctly noted that, under 42 U.S.C. § 1997e(e), a prisoner may not recover "for mental or emotional injury suffered while in custody without a prior showing of physical injury." Toliver, 2012 WL 914948, at *4. However, even if Toliver is unable to establish that any of the injuries complained of in this action stemmed from an incident in which he suffered physical injuries, Toliver may still recover damages for injuries to his First Amendment rights, as well as nominal and punitive damages for any other constitutional violations. See Thompson v. Carter, 284 F.3d 411, 416 (2d Cir. 2002) ("Because Section 1997e(e) is a limitation on recovery of damages for mental and emotional injury in the absence of a showing of physical injury, it does not restrict a plaintiff's ability to recover compensatory damages for actual injury, nominal or punitive damages, or injunctive and declaratory relief."); see also Robinson v. Cattaraugus County, 147 F.3d 153, 162 (2d Cir. 1998) (holding that a court errs when it fails to award nominal damages in a § 1983 action where a constitutional violation is established); id at 161 (holding that, in a § 1983 action, "punitive damages may be awarded even in the absence of a compensatory award").

5

Swain denied one corrections officer's motion for summary judgment in case number 10 Civ. 5803, and on January 25, 2013, in case number 10 Civ. 822, Magistrate Judge James C. Francis recommended that Judge Sullivan partially deny defendants' motion for summary judgment and allow claims concerning two separate assaults by Merced and three other officers to proceed to trial. Toliver's efforts to establish due process and First Amendment violations in this case will likely require proving some of the facts at issue in case number 10 Civ. 882, and any effort to establish unconstitutional prison conditions may require aggregating his allegations of specific incidents described individually throughout his many complaints. On remand, the district court should therefore consider consolidating some or all of Toliver's many cases to allow for more focused attention on Toliver's strongest claims and to avoid adjudication of a series of borderline issues.

Finally, the district court might consider appointing counsel in this case or in one of the cases likely to proceed to trial. Toliver has already demonstrated that at least some of the claims in some of his lawsuits have "some chance of success," that they are legally complex, and that they are likely to require "substantial factual investigation" that, as an incarcerated plaintiff, he is not well-equipped to conduct, Hodge v. Police Officers, 802 F.2d 58, 60-61 (2d Cir. 1986). The district court might conclude that "these circumstances . . . militate toward appointing counsel," id. at 61, who might determine how most usefully to trim, amend and consolidate Toliver's many actions. We of course express no view of the factual merits of any of Toliver's claims, or the legal merits of any issue not presently before us, and we leave it to the district court in its sound discretion to determine whether consolidation or the appointment of counsel are in fact in the interest of justice.

The defendants' remaining arguments, which were not considered below, are best addressed by the district court in the first instance. Accordingly, the judgment of the district court is **VACATED**, and the case is **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk