*Tolliver v. Sidorowicz*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

    **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8ᵗʰ day of March, two thousand eighteen.**

PRESENT:
    ROBERT A. KATZMANN,
     *Chief Judge*,
    DEBRA ANN LIVINGSTON,
     *Circuit Judge*,
    JESSE M. FURMAN,*
     *District Judge*.

———————————————————————

Eric Tolliver,

    *Plaintiff-Appellant*,

    v.                 17-820

Dr. W. Sidorowicz, Nurse Judith Camara,

    *Defendants-Appellees*.

———————————————————————

_____

\* Judge Jesse M. Furman, of the United States District Court for the Southern District of New York, sitting by designation.

FOR PLAINTIFF-APPELLANT:          Eric Tolliver, pro se, Fallsburg, NY.

FOR DEFENDANTS-APPELLEES:       Barbara D. Underwood, Solicitor General
                                 (Anisha S. Dasgupta, Deputy Solicitor
                                 General, and Ester Murdukhayeva, Assistant
                                 Solicitor General, of counsel), *for* Eric T.
                                 Schneiderman, Attorney General of the State
                                 of New York, New York, NY.

Appeal from a judgment and order of the United States District Court for the Southern District of New York (Briccetti, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order of the district court are **AFFIRMED**.

Plaintiff-appellant Eric Tolliver, proceeding pro se, appeals from the district court's judgment dismissing his 42 U.S.C. § 1983 action, in which he claimed that defendants-appellees Dr. Wladyslaw Sidorowicz and Nurse Judith Camara were deliberately indifferent to his serious medical needs. He also appeals from the district court's order denying reconsideration of the judgment. Tolliver alleged that Dr. Sidorowicz and Nurse Camara failed to order an MRI when treating his swollen leg and foot, thus failing to detect the blood clots in his lungs that led to his eventual hospitalization. He also alleged that Nurse Camara took away his cane, despite his difficulty walking. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282

2

F.3d 147, 152 (2d Cir. 2002). We review a district court decision denying a motion for reconsideration for abuse of discretion. *See, e.g.*, *Molchatsky v. United States*, 713 F.3d 159, 162 (2d Cir. 2013).

To prevail on a claim for deliberate indifference to his serious medical needs under the Eighth Amendment, a plaintiff must prove that, (1) objectively, the alleged deprivation of medical care was "sufficiently serious," and, (2) subjectively, the defendants acted or failed to act "while actually aware of a substantial risk that serious inmate harm will result." *Salahuddin v. Goord*, 467 F.3d 263, 279–80 (2d Cir. 2006). Mere negligence will not suffice. *Id.* at 280. Additionally, "a prisoner does not have the right to choose his medical treatment as long as he receives adequate treatment." *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011).

Tolliver's argument that Dr. Sidorowicz's course of treatment (a compression stocking and ibuprofen instead of an MRI) constituted a lack of treatment is without merit. Tolliver's arguments amount to a disagreement over the correct course of treatment because the choice to treat him with a compression stocking instead of an MRI was a question of medical judgment. *See Estelle v. Gamble*, 429 U.S. 97, 107 (1976) ("[T]he question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment."). Contrary to Tolliver's assertions, this did not amount to a refusal of treatment.

Moreover, Tolliver's allegations did not give rise to an inference of recklessness: even if Dr. Sidorowicz should have known that blood clots were developing, his treatment of Tolliver does not imply a culpable state of mind. *See id.* at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); *see also Hathaway v. Coughlin*,

3

37 F.3d 63, 66 (2d Cir. 1994) (noting that, to act in a deliberately indifferent manner, an official must "draw the inference" that "a substantial risk of serious harm exists"). Although, "[i]n certain instances, a physician may be deliberately indifferent if he or she consciously chooses an easier and less efficacious treatment plan," Tolliver has alleged no facts suggesting that Dr. Sidorowicz knew that the prescribed course of treatment would be ineffective or that he had an improper motive. *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) (internal quotation marks omitted).

Nor did Tolliver's allegations raise an inference that Nurse Camara took away his cane "while actually aware of a substantial risk that serious inmate harm will result." *Salahuddin*, 467 F.3d at 280. Tolliver alleged that Nurse Camara took away his cane because she believed he was walking well without it (and wrote as much in his medical records), thus demonstrating that, subjectively, she did not believe a substantial risk of harm existed. *See id.* at 281–82 (holding that a defendant's contemporaneous statement that he did not believe there was a serious risk of harm foreclosed a finding of culpability). Although Tolliver contends that Nurse Camara "falsely" wrote that he was walking well, he does not allege any possible motive for such duplicitousness on her part. *Cf. Chance*, 143 F.3d at 703–04 (holding that dismissal was inappropriate when appellant alleged that a course of treatment was prescribed because of a monetary incentive); *Nielsen v. Rabin*, 746 F.3d 58, 63–64 (2d Cir. 2014) (concluding that there existed a plausible inference that a doctor had refused to treat a patient because she believed he had attacked a female officer). Thus, the district court correctly dismissed Tolliver's claim against Nurse Camara.

The district court did not abuse its discretion by denying Tolliver's motion for reconsideration. As discussed above, the alleged facts did not give rise to an inference of deliberate

4

indifference to Tolliver's serious medical needs, and his arguments that the district court did not liberally construe his complaint and failed to credit his factual allegations are without merit. His reliance on alleged statements from other doctors regarding what Dr. Sidorowicz or Nurse Camara should have known does not provide any insight into their subjective states of mind. *See Salahuddin*, 467 F.3d at 281 ("[E]ven if objectively unreasonable, a defendant's mental state may be nonculpable."). Accordingly, the motion was properly denied.

We have considered all of Tolliver's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment and order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5