23-7762-pr
*Wright v. Martin*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of April, two thousand twenty-five.

PRESENT:
> ROBERT D. SACK,
> JOSEPH F. BIANCO,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

---

IAN WRIGHT,

> *Plaintiff-Appellant,*

v.             23-7762-pr

ROBERT MARTIN, CORRECTIONAL WARDEN, CARLOS NUNEZ, CORRECTIONAL DEPUTY WARDEN, JONATHAN PEAU, CORRECTIONAL LIEUTENANT, SHARONDA CARLOS, CORRECTIONAL DISTRICT ADMINISTRATOR, INGRID FEDER, CORRECTIONAL DOCTOR, JANINE BRENNAN, CORRECTIONAL HEALTH SERVICE REVIEW COORDINATOR,

> *Defendants-Appellees,*

ROLLIN COOK, CORRECTIONAL COMMISSIONER, BYRON KENNEDY, CORRECTIONAL CHIEF MEDICAL

OFFICER, MICHAEL BIBENS,
CORRECTIONAL NUTRITIONAL FOOD
SERVICES DIRECTOR, ROBERT J. DEAVEAU,
CORRECTIONAL REGISTERED
DIETICIAN, WINTON, CORRECTIONAL LEAD
FOOD SERVICES SUPERVISOR 3,

                    *Defendants*.

———————————————————————

FOR PLAINTIFF-APPELLANT:          JONATHAN A. HERSTOFF, Haug Partners LLP,
                                  New York, New York.

FOR DEFENDANTS-APPELLEES:         EVAN    MCDONALD    O'ROARK    (Jacob
                                  McChesney, *on the brief*), Connecticut Office of
                                  the Attorney General, Hartford, Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Sarala V. Nagala, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on September 14, 2023, is **AFFIRMED**.

Plaintiff-Appellant Ian Wright, a former inmate at the Corrigan-Radgowski Correctional Center ("Corrigan"), appeals from the decision of the district court granting summary judgment in favor of the Defendants-Appellees. Wright brought this suit pursuant to 42 U.S.C. § 1983, alleging that while he was confined at Corrigan, Dr. Ingrid Feder, Janine Brennan, and several additional named Defendants-Appellees (collectively, "Defendants") were deliberately indifferent to his medical needs in violation of the Eighth Amendment. As relevant to this appeal, Wright's operative complaint asserts that Dr. Feder and Brennan refused to order diagnostic testing, such as an MRI, to evaluate the chronic abdominal pain that he experienced at Corrigan. The district court granted summary judgment for Defendants, determining that, for all but one grievance, Wright had failed to exhaust his administrative remedies prior to bringing suit, as required under the Prison

2

Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).[1]  *See generally Wright v. Cooke*, No. 3:20-cv-1284 (SVN), 2023 WL 5891082 (D. Conn. Sept. 11, 2023).  On appeal, Wright argues that, in doing so, the district court erred because he, in fact, exhausted all available remedies, or in the alternative, established a genuine issue of material fact as to whether he was excused from exhausting such remedies because Defendants' administrative procedures were unavailable to him.

Wright submitted sworn testimony that he had exhausted all available remedies, and provided a copy of the relevant appeal form.  This evidence may be sufficient to create a genuine issue of material fact as to exhaustion, particularly because defendants have the burden to establish that Wright failed to exhaust his available remedies.  *See Garcia v. Heath*, 74 F.4th 44, 49 (2d Cir. 2023); *Johnston v. Maha*, 460 F. App'x 11, 15 (2d Cir. 2012) (summary order) ("The defendants have the burden of showing that there is no genuine issue of material fact as to exhaustion that would preclude summary judgment.").  However, we need not address that issue because we conclude that, even assuming *arguendo* that Wright properly exhausted his administrative remedies, summary judgment in Defendants' favor was warranted on the merits.  *See Nat'l R.R. Passenger Corp. v. McDonald*, 779 F.3d 97, 100 (2d Cir. 2015) ("We may affirm on any ground with support in the record."); *see also Richardson v. Goord*, 347 F.3d 431, 434 (2d Cir. 2003) (per curiam) (holding that "exhaustion [under the PLRA] is not jurisdictional").  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision to affirm.

---

[1]  The district court determined that Wright had fully exhausted his grievance regarding Defendants' refusal to provide him with a double mattress for his arthritis and back pain, but it granted summary judgment in favor of Defendants because it determined that there was not a genuine issue of material fact as to whether that action constituted deliberate indifference.  *See Wright*, 2023 WL 5891082, at *9–11.  We need not address that determination because Wright does not challenge it on appeal.  *See T.W. v. N.Y. State Bd. of L. Exam'rs*, 110 F.4th 71, 82 (2d Cir. 2024) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal." (quoting *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998))).

We review *de novo* a district court's decision to grant summary judgment. *See Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). Summary judgment is appropriate when, viewing the evidence in the light most favorable to the non-moving party, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Capitol Recs., LLC v. Vimeo, Inc.*, 125 F.4th 409, 418 (2d Cir. 2025).

The Eighth Amendment, which prohibits the infliction of "cruel and unusual punishments," U.S. Const. amend. VIII, "applies to prison officials when they provide medical care to inmates," *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994). "In order to establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove 'deliberate indifference to his serious medical needs.'" *Collymore v. Myers*, 74 F.4th 22, 30 (2d Cir. 2023) (alteration adopted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). This standard includes both an objective and subjective prong. *See Morgan v. Dzurenda*, 956 F.3d 84, 89 (2d Cir. 2020). "First, a plaintiff must show that the alleged deprivation is objectively sufficiently serious to constitute cruel and unusual punishment, and second, a plaintiff must show that the charged official acted with a sufficiently culpable state of mind." *Matzell v. Annucci*, 64 F.4th 425, 435 (2d Cir. 2023) (internal quotation marks and citation omitted). As to the second element, "[a]n official acts with the requisite deliberate indifference when that official 'knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [she] must also draw the inference.'" *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

Wright asserts that "the evidence shows that the Defendants acted in a deliberately indifferent manner by continually delaying the MRI and effective treatment, despite [his] repeated

4

complaints of ongoing, serious abdominal pain." Appellant's Br. at 9–10. We disagree. As set forth below, even assuming *arguendo* that the alleged deprivation was sufficiently serious to satisfy the objective prong of an Eighth Amendment claim, it is beyond genuine dispute that the decision not to order an MRI of Wright's abdomen in this case constitutes a matter of medical judgment, which does not establish a sufficiently culpable state of mind for an Eighth Amendment claim against Dr. Feder or Brennan.

Contrary to his assertion otherwise, the uncontroverted evidence demonstrates that Wright received medical treatment for his abdominal pain over the course of several months. More specifically, in February 2020, Wright met with a nurse and reported back pain, but the report of that visit makes no mention of gastrointestinal or abdominal pain. Although Wright asked that the nurse follow up on an MRI he asserted was supposed to be done six years earlier, he did not specify whether the MRI was for the back or another part of his body. At that time, medical staff did not order an MRI, but rather ordered an x-ray for Wright's back. On February 14, 2020, before learning of the x-ray results, Wright again asked to see a doctor about his "back pain, lower abdominal pain, and numbness in [his] legs." App'x at 289. Wright's name was placed on the sick call list and he was informed that his back x-ray showed bone spurring consistent with arthritis, with a recommendation that he take Tylenol daily to manage his arthritic pain. On February 26, 2020, Wright met with Dr. Feder to review his x-ray results, receive medication for his back pain, and discuss his ongoing abdominal pain, which plaintiff reported experiencing intermittently since 2014. Dr. Feder prescribed a heartburn medication for his abdominal pain to address what Dr. Feder believed was excessive acid production. With respect to imaging related to Wright's abdominal pain, Dr. Feder later explained in a declaration that she determined that such testing was medically unwarranted at the time of her examination because Wright "did not

present any symptoms, such as sudden onset constant pain, weight loss, or loss of appetite, that would have suggested the plaintiff suffered some emergency medical concern." *Id.* at 138.

When Wright filed a grievance regarding his continuing abdominal pain in April 2020 and his desire for an MRI, Brennan, who was the facility's Health Services Administrative Remedy Coordinator, denied the grievance because there was "[n]o clinical indication for MRI based on xray, lab work and history." *Id.* at 178. Moreover, Wright met with a nurse in May 2020 after he again complained of pain in his lower abdomen. He described the stomach pain as "cramping" and again asked for an MRI of his abdomen. *Id.* at 116. In response to the nurse's inquiry, Dr. Feder again concluded that "an MRI was not medically indicated at that time." *Id.* at 139. In particular, in her declaration, Dr. Feder explained that "[s]he was not made aware of any new complaint that would have changed [her] assessment of the plaintiff's condition regarding his abdominal pain or that would have warranted emergency care at that time." *Id.* A nurse informed Wright that, due to COVID-19 restrictions regarding routine imaging, Wright would need to write the medical unit in one to two months if he wished to be scheduled for an MRI. The medical staff met with Wright twice more after he again asked for an MRI of his abdomen in August 2020: first, on September 19, 2020, Wright refused to let the nurse take his vital signs and reported he was not currently experiencing pain, so the nurse advised him to return as needed; and second, on September 23, 2020, Wright complained that he was constipated, so a nurse prescribed him two laxatives. There is no evidence in the record that either Dr. Feder or Brennan were aware of Wright's medical treatment in September 2020. Wright also brought this lawsuit in September 2020 and, in October 2020, he was transferred to Cheshire Correctional Institution ("Cheshire").

Wright argues that, while he was at Corrigan, "[i]t was not Defendants' prescribing of medication instead of an MRI that violated [his] Eighth Amendment rights," but rather "[his] Eighth Amendment claims are premised on Defendants' continued indifference to his suffering by failing to diagnose or treat [him] in any way, even though they were aware that the prescribed medication was ineffective and he was still experiencing abdominal pain." Appellant's Reply Br. at 29–30. We are unpersuaded.

"It is well-established that mere disagreement over the proper treatment does not create a constitutional claim." *Chance*, 143 F.3d at 703; *see also Estelle*, 429 U.S. at 107 ("[T]he question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment."). To be sure, we have explained that, "[i]n certain instances, a physician may be deliberately indifferent if he or she consciously chooses an easier and less efficacious treatment plan." *Chance*, 143 F.3d at 703 (internal quotation marks and citation omitted); *accord Harrison v. Barkley*, 219 F.3d 132, 138 (2d Cir. 2000). However, we have emphasized that "[m]edical malpractice does not rise to the level of a constitutional violation unless the malpractice involves culpable recklessness—an act or a failure to act . . . that evinces a conscious disregard of a substantial risk of serious harm." *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) (internal quotation marks and citation omitted).

Here, the medical judgment to continue with medication for several months in 2020 to treat Wright's abdominal pain, rather than order an MRI, does not support an inference of deliberate indifference as to Dr. Feder or Brennan. Wright had been experiencing the pain intermittently since 2014 and there was no indication that, in 2020, either defendant had reason to believe that

7

the pain posed "an excessive risk to inmate health or safety."[2] *Hathaway*, 37 F.3d at 66 (internal quotation marks and citation omitted); *see also Smalls v. Wright*, 807 F. App'x 124, 126 (2d Cir. 2020) (summary order) (holding that the doctor's "decisions not to order an MRI and not to refer [plaintiff] to a specialist constitute matters of medical judgment that do not give rise to an Eighth Amendment violation"); *Tolliver v. Sidorowicz*, 714 F. App'x 73, 74 (2d Cir. 2018) (summary order) (concluding that "[plaintiff's] argument that [the doctor's] course of treatment (a compression stocking and ibuprofen instead of an MRI) constituted a lack of treatment is without merit . . . because the choice to treat him with a compression stocking instead of an MRI was a question of medical judgment"). In short, on this record, no rational jury could find that either Dr. Feder or Brennan "had subjective knowledge of a substantial risk of serious harm to an inmate and disregarded it," and thus summary judgment was warranted on Wright's claim of deliberate indifference to his serious medical needs.[3] *Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020).

---

[2] Defendants also point to evidence that in 2021, after the initiation of the instant suit and Wright's transfer to Cheshire, an x-ray and CT scan of his abdomen revealed a lack of any abnormalities, which Defendants assert further supports Dr. Feder's determination that Wright did not present symptoms warranting an MRI. Wright disputes the significance of these later test results and the corresponding weight Defendants seek to accord them. However, we need not resolve that dispute because, even without the consideration of that additional evidence, we conclude that Wright's Eighth Amendment claim does not survive summary judgment for the reasons set forth herein.

[3] To the extent that Wright relies upon our recent decision in *Mallet v. New York State Department of Corrections & Community Supervision*, 126 F.4th 125 (2d Cir. 2025), to support his position that Dr. Feder and Brennan were deliberately indifferent in their treatment of his abdominal pain, that reliance is misplaced. In *Mallet*, we held that Eighth Amendment claims against several doctors were sufficiently plausible to survive the pleading stage where the evidence showed that (1) statements allegedly made by the prison's staff made it "certainly plausible that [the defendants] consciously chose an easier and less efficacious treatment plan for Mallet's symptoms"; and (2) "a reasonable factfinder could infer from the complaint that [the defendants] had actual knowledge of the risk that Mallet might have prostate cancer— given the abnormal cystoscopy results" and the presence of other "hallmark symptoms" of such cancer. *Id.* at 137, 138 (alteration adopted) (internal quotation marks and citations omitted). As discussed *supra*, unlike in *Mallet*, here there is no evidence in the record that would allow for a reasonable inference of such knowledge by Dr. Feder or Brennan with respect to Wright's abdominal pain.

\*       \*       \*

We have considered Wright's remaining arguments on appeal and conclude that they are without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court