07-5597-pr
Johnson v. Barney

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of January, two thousand ten.

PRESENT:
 WILFRED FEINBERG,
 ROBERT A. KATZMANN,
   *Circuit Judges,*
 T. S. ELLIS, III,[*]
   *District Judge.*

_____

Johnathan Johnson,

 *Plaintiff-Appellant,*

 v. No. 07-5597-pr

Barney, Sergeant Oracz, Sgt. Sullivan, Several Unknown Guards, Michael Lavender, David Lawrence, Joseph Palermo, Sergio Reyes,

 *Defendants-Appellees,*

Frank Tracy,

 *Defendant.*

_____

---

[*] T. S. Ellis, III, Senior Judge of the United States District Court for the Eastern District of Virginia, sitting by designation.

For Appellant:                          JOHNATHAN JOHNSON, *pro se*,
                                        Malone, N.Y.


For Appellees:                          ANDREW M. CUOMO, Attorney
                                        General of the State of New York,
                                        (David Lawrence, III, *on the brief*),
                                        New York, N.Y.


Appeal from a judgment of the United States District Court for the Southern District of New York (Sand, *J.*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Johnathan Johnson, *pro se* and incarcerated, appeals from a judgment of the district court entered after a jury verdict was rendered in favor of several employees of the New York State Department of Correctional Services ("DOCS"), dismissing Johnson's complaint pursuant to 42 U.S.C. § 1983. Johnson alleged that (1) he was physically assaulted by DOCS corrections officers during a search of his prison cell in violation of the Eighth Amendment; (2) Frank Tracy, the prison superintendent, failed to preserve videotape footage of the alleged assault; and (3) Daniel Sullivan, an employee of the Southport Correctional Facility where Johnson was later incarcerated, fabricated a report of the investigation into the incident. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues raised on appeal.

On appeal, Johnson challenges, *inter alia*, (1) the dismissal of his claim as to Sullivan for failure to state a claim; (2) the grant of partial summary judgment in favor of Tracy for failure to exhaust administrative remedies under the Prisoner's Litigation Reform Act ("PLRA"); (3) the denial of his request that the district court order adverse inference jury instructions due to the alleged intentional or negligent disposal of the videotapes and other evidence; (4) the

2

introduction of the testimony of defendants' witness James Cavaleri without first certifying him as an expert; and (5) the introduction of evidence at trial regarding Johnson's history of receiving misbehavior reports in prison.

We review *de novo* (1) a district court's dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), *Chambers v. Time Warner, Inc.* 282 F.3d 147, 152 (2d Cir. 2002), (2) a district court's order granting summary judgment, *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003), and (3) jury instructions, *Hudson v. New York City*, 271 F.3d 62, 67 (2d Cir. 2001). Where a party fails to object at trial, we review challenged jury instructions and evidentiary rulings for plain error. *See* Fed. R. Civ. P. 51(d); *Shah v. Pan Am. World Servs., Inc.*, 148 F.3d 84, 96 (2d Cir. 1998); Fed. R. Evid. 103(d); *United States v. Shaoul*, 41 F.3d 811 (2d Cir. 1994).

First, Johnson's claims against Sullivan were properly dismissed because, as the district court concluded, Sullivan's allegedly false statements did not prevent Johnson from pursuing his administrative remedies or from having meaningful access to the courts. *See Freeman v. Rideout*, 808 F.2d 949, 953 (2d Cir. 1986) (holding that, where an inmate was granted an administrative hearing and given the opportunity to rebut the charges against him, a prison correctional officer's "filing of unfounded charges against the inmate did not give rise to a *per se* constitutional violation actionable under § 1983"). Second, Johnson's claims against Tracy failed as a matter of law because Johnson failed to allege sufficient personal involvement on Tracy's part to make him liable under § 1983. *See Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997) (holding that defendant, the Commissioner of DOCS, was not personally involved in an alleged constitutional violation where an inmate's letter addressed to the Commissioner was forwarded to another prison official for decision). Third, Johnson's argument that the district

3

court erred by declining to order adverse inference jury instructions is meritless because Johnson failed to demonstrate how the defendants at trial were ever in control of the videotapes or had an obligation to preserve such evidence. *See Byrnie v. Town of Cromwell Bd. of Educ.*, 243 F.3d 93, 107 (2d Cir. 2001). Fourth, the district court correctly allowed Cavaleri to testify as a lay witness regarding the policies and practices of the prison because he had personal knowledge of such policies and practices through his everyday experiences as an employee there. *See United States v. Munoz-Franco*, 487 F.3d 25, 35 (2d Cir. 2007) (discussing how, under Federal Rule of Evidence 701, courts have allowed lay witnesses to express opinions about their place of employment "based on the witness's own perceptions and knowledge and participation in the day-to-day affairs of [the workplace]"). Finally, the district court did not err in allowing the defendants to question Johnson about his history of misbehavior reports because they were not used to prove that Johnson had a propensity to misbehave. *See* Fed. R. Evid. 404(a); *Hynes v. Coughlin*, 79 F.3d 285, 290 (2d Cir. 1996) ("Evidence of prior acts is not admissible to prove that the actor had a certain character trait, in order to show that on a particular occasion he acted in conformity with that trait."). Moreover, it was Johnson, and not the defendants, who first indicated that Johnson had received misbehavior reports while in prison. *See United States v. Rea*, 958 F.2d 1206, 1225 (2d Cir. 1992) (discussing the concept of "opening the door" to permit a party to introduce inadmissible evidence).

We have reviewed Johnson's remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____