G.W. v. Rye City School District

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of February, two thousand fourteen.

PRESENT: DENNIS JACOBS,
　　　　　 GUIDO CALABRESI,
　　　　　 ROSEMARY S. POOLER,
　　　　　　　　　　　 Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
G.W., Individually and as Parent of
B.W., a Minor Under the Age of 18
Years, B.W., D.W., Individually and
as Parent of B.W., a Minor Under the
Age of 18 Years,
　　　　Plaintiffs-Appellants,

　　　　-v.-　　　　　　　　　　　　　　13-1352

RYE CITY SCHOOL DISTRICT,
　　　　Defendant-Appellee.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANTS:　　　　　PETER D. HOFFMAN (Jamie Mattice, on the brief), Law Office of Peter D. Hoffman, P.C., Katonah, New York.

1

**FOR APPELLEE:**                    RALPH DEMARCO, Keane & Beane, P.C., White Plains, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Ramos, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

G.W. and D.W., on behalf of themselves and their son, B.W., appeal from the judgment of the United States District Court for the Southern District of New York (Ramos, J.), granting summary judgment in favor of defendant-appellee Rye City School District.  The appellants seek tuition reimbursement under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*  They also seek sanctions imposed on the school district for spoliation of evidence.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review *de novo* a district court's award of summary judgment in an IDEA case.  A.C. ex rel. M.C. v. Bd. of Educ., 553 F.3d 165, 171 (2d Cir. 2009).  In doing so, we recognize that "the role of the federal courts in reviewing state educational decisions under the IDEA is 'circumscribed.'" Gagliardo v. Arlington Cent. Sch. Dist., 489 F.3d 105, 112 (2d Cir. 2007) (quoting Muller v. Comm. on Special Educ., 145 F.3d 95, 101 (2d Cir. 1998)).  "A reviewing court must engage in an independent review of the administrative record and make a determination based on a preponderance of the evidence.  But such review is by no means an invitation to the courts to substitute their own notions of sound educational policy for those of the school authorities which they review." M.H. v. N.Y.C. Dep't of Educ., 685 F.3d 217, 240 (2d Cir. 2012) (internal quotation marks and citations omitted).

A parent challenging an Individualized Education Program ("IEP") is entitled to reimbursement of private school tuition if: 1) the services offered by the district were inadequate to provide an appropriate public education; 2) the services selected by the parents were appropriate to the child's needs; and 3) equitable considerations support the claim.  See Sch. Comm. of Town of Burlington, Mass. v. Dep't of Educ. of Mass., 471 U.S. 359, 368-74 (1985);

*Walczak v. Fl. Union Free Sch. Dist.*, 142 F.3d 119, 129 (2d Cir. 1998).

In regard to spoliation, sanctions may be imposed if: 1) "the party having control over the evidence had an obligation to preserve it at the time it was destroyed;" 2) "the records were destroyed with a culpable state of mind;" and 3) "the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 433, 430 (S.D.N.Y. 2004) (citing *Byrnie v. Town of Cromwell*, 243 F.3d 93, 107-12 (2d Cir. 2001)).

We have conducted an independent and *de novo* review of the record. For substantially the reasons stated by the district court in its thorough opinion of March 29, 2013, we conclude that 1) the proposed IEPs for the 2008-09 and 2009-10 school years were adequate to afford B.W. an appropriate public education, and 2) the school district did not engage in spoliation of evidence.[1]

For the foregoing reasons, and finding no merit in the appellants' other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[1] Because we conclude that there is no evidence in the record to support the parents' spoliation claim, we need not, and do not, decide whether spoliation claims are cognizable in the context of IDEA appeals.