Armond McCLOUD, Plaintiff,

v.

Albert PRACK, Director of Special Housing, Mark Bradt, Superintendent of Attica Correctional Facility in his official and individual capacity, J. Griffen, Correctional Officer at the Attica Corr. Fac. in his official and individual capacity, Sgt. Shepanski, A. Olles, Defendants.

No. 14–CV–6253L.

United States District Court, W.D. New York.

Signed Oct. 28, 2014.

Armond McCloud, Romulus, NY, pro se.

Gary M. Levine, New York State Office of the Attorney General, Rochester, NY, for Defendants.

## DECISION AND ORDER

DAVID G. LARIMER, District Judge.

Plaintiff Armond McCloud, appearing *pro se*, has filed this action under 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), has sued five individuals, who at all relevant times were DOCCS officials or employees. Plaintiff alleges that defendants violated his constitutional rights in a number of respects in connection with certain events that occurred in 2013, while plaintiff was confined at Attica Correctional Facility.

Defendants have moved pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss the complaint, with the exception of one claim against two of the defendants. Plaintiff has filed a response in opposition to the motion, as well as a motion for sanctions.

## FACTUAL BACKGROUND

The complaint sets forth the following factual allegations, which are assumed to be true for purposes of defendants' motion. In March 2013, despite their knowledge that plaintiff was at particular risk of attack by other inmates, defendants Mark Bradt and Albert Prack, who were respectively the Superintendent of Attica and the DOCCS Director of Special Housing, had plaintiff removed from protective custody and returned to general population.[1] Complaint ¶ 13.

---

1. The complaint originally named one defendant as "John Doe," but he has since been identified as Albert Prack. *See* Dkt. # 14.

After he was returned to general population, plaintiff informed defendant Correction Officer ("CO") J. Griffin that he had been receiving threats from other inmates. On March 5, 2013, however, Griffin deliberately opened plaintiff's cell door to allow two other inmates to enter plaintiff's cell and physically assault him. Complaint ¶ 15. Plaintiff was seriously injured in the assault. Complaint ¶ 19.

The inmates who carried out the assault also allegedly doused plaintiff with feces that they had in a coffee can. Complaint ¶ 20. The two inmates then left plaintiff's cell, and in response to plaintiff's cries for help, defendant Griffin returned to the cell. When he saw plaintiff's condition, Griffin retrieved a fire hose, and sprayed plaintiff for several minutes, calling plaintiff a "crybaby" as he did so. Complaint ¶ 22.

Plaintiff was issued a misbehavior report for engaging in an unhygienic act, and was placed in solitary confinement. While there, he was interviewed by a mental health worker. After plaintiff told the worker what had happened, plaintiff was taken to the infirmary, and from there to the Erie County Medical Center, where he was treated for his injuries. Complaint ¶¶ 25, 26, 32.

Defendant CO A. Olles was assigned to investigate plaintiff's assault allegation, but Olles allegedly conducted a deliberately poor investigation, including by failing to preserve evidence, in order to cover up what had happened. Olles allegedly did so at the direction of defendant Sergeant Shepanski, who at one point told plaintiff, "This is Attica. We do what we want." Complaint ¶¶ 29, 30. The misbehavior charges against plaintiff were later dismissed based on "circumstances surrounding the incident," but his grievance arising out of the alleged assault was denied as unfounded. Complaint Exs. E, G.

Based on these allegations, plaintiff has asserted the following claims: (1) a failure-to-protect claim against Griffin, Prack and Bradt; (2) a negligent-supervision claim against Bradt; (3) an Eighth Amendment claim against Griffin based on Griffin's spraying plaintiff with a fire hose; (4) a destruction-of-evidence claim against Shepanski and Olles; and (5) a conspiracy claim against Shepanski, Olles and Griffin. Plaintiff seeks money damages ranging from $50,000 to $75,000.

Defendants have moved to dismiss the complaint, with the exception of plaintiff's failure-to-protect claim against Bradt and Griffin. For the following reasons, the motion is granted.

## DISCUSSION

### I. Collection/Destruction of Evidence

Plaintiff has asserted claims against Shepanski and Olles, based on Olles' failure to preserve evidence obtained during his investigation of the alleged assault. "The law is clear," however, "that inmates do not enjoy a constitutional right to an investigation of any kind by government officials. The Due Process Clause confers no right to governmental aid, even where that aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." *Banks v. Annucci*, 48 F.Supp.3d 394, 414, 2014 WL 4824716, at *15 (N.D.N.Y.2014) (citations omitted).

Plaintiff's allegations that Olles deliberately conducted an inadequate investigation for the purpose of covering up Griffin's alleged misconduct, and that he did so at the direction of defendant Shepanski, are likewise insufficient to make out a

§ 1983 claim against either of them. *See Barnes v. Fedele*, 760 F.Supp.2d 296, 304–05 (W.D.N.Y.2011) ("Plaintiff's conclusory allegation that Kerbein 'covered up' for Fedele by conducting a less than thorough investigation fails to state a claim against Kerbein"); *Rosales v. Kikendall*, 677 F.Supp.2d 643, 650 (W.D.N.Y.2010) ("Plaintiff's conclusory allegation that Kikendall 'knew that [plaintiff's] complaint was not investigated according to DOCS guidelines but ... sustained the investigation to cover up the defendants actions' is insufficient to show any knowing violation by Kikendall of plaintiff's rights") (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

█ Since plaintiff cannot make out a destruction-of-evidence claim against Olles and Shepanski, his claim against Bradt based on Bradt's alleged negligent supervision and training of his subordinates must also be dismissed. This claim is based solely on Olles's alleged failure to preserve evidence. Accordingly, there is no basis for a negligence claim against Bradt.[2]

## II. Conspiracy

█ Closely related to the destruction-of-evidence claim is plaintiff's claim that Olles and Shepanski conspired with Griffin to cover up Griffin's deliberate unlocking of plaintiff's cell door to allow him to be attacked by other inmates. For such a claim to survive, plaintiff must allege an agreement between two or more defendants to act in concert to inflict an uncon-stitutional injury, and an overt act done in furtherance of that goal causing damages. *See Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir.1999).

█ Conclusory allegations of a conspiracy will not suffice. *See, e.g., Marrero v. Kirkpatrick*, 659 F.Supp.2d 422, 425 (W.D.N.Y.2009). "[C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." *Ciambriello v. County of Nassau*, 292 F.3d 307, 325 (2d Cir.2002). *See, e.g., Johnson v. Barney*, No. 04 Civ. 10204, 2006 WL 3714442, at *2 (S.D.N.Y. Dec. 13, 2006) (dismissing for failure to state a claim prisoner's conclusory allegation that defendant fabricated an investigative report as part of a conspiracy to cover up the wrongful acts of other correction officers), *aff'd*, 360 Fed.Appx. 199 (2d Cir.2010).

█ In addition, to make out a conspiracy action under section 1983, the plaintiff must allege an underlying denial of his constitutional rights. *See Myers v. Bowman*, 713 F.3d 1319, 1332 (11th Cir.2013); *Richard v. Fischer*, 38 F.Supp.3d 340, 351, 2014 WL 3974158, at *6 (W.D.N.Y. Aug. 7, 2014). *See, e.g., Novotny v. Tripp County*, 664 F.3d 1173, 1179 (8th Cir.2011) ("because Novotny has not adequately shown any underlying constitutional violations, his civil conspiracy claim must also fail"); *Sow v. Fortville Police Dep't*, 636 F.3d 293,

---

**2.** In his response to defendants' motion, plaintiff suggests that he may have a cause of action against Olles and Shepanski under the Prison Rape Elimination Act ("PREA"), 42 U.S.C. § 15601. As this Court recently stated, however, "[n]othing in the statute suggests that PREA intended to establish a private cause of action for allegations of prison rape, and every court to address the issue has determined that PREA cannot support such a cause of action by an inmate." *Amaker v. Fischer*, No. 10–CV–0977, 2014 WL 4772202, at *14 (W.D.N.Y. Sept. 24, 2014) (citing cases). Accordingly, I find no basis here for such a claim.

305 (7th Cir.2011) ("the absence of any underlying violation of Plaintiff's rights precludes the possibility of Plaintiff succeeding on a conspiracy claim").

██ Assuming the truth of plaintiff's allegation that Olles and Shepanski intentionally failed to preserve evidence in order to cover up Griffin's wrongdoing, that could not have facilitated the underlying constitutional violation, *i.e.*, Griffin's deliberate failure to protect plaintiff from physical harm. That violation, assuming it occurred, had already happened by the time that Olles began his investigation. Thus, the alleged Eighth Amendment violation arising out of Griffin's alleged opening or unlocking of plaintiff's cell door cannot form the predicate violation for a conspiracy claim arising out of a later alleged coverup.

Nor can plaintiff show any prejudice occasioned by the failure to preserve evidence, that could rise to a constitutionally significant level. As stated, the misbehavior reports issued against plaintiff, arising out of the incidents in question, were dismissed.

Plaintiff's grievance alleging the wrongful destruction of evidence was denied. The superintendent stated that "staff improperly disposed of" the evidence, but that there was "no evidence of malicious intent," and that "[a]ppropriate corrective action is being taken to ensure proper handling of evidence in this nature in the future." Complaint Ex. G. Plaintiff's underlying allegation concerning the assault was found to be unsubstantiated. *Id.*

██ In some circumstances, a state actor's destruction of evidence can give rise to a claim for denial of a plaintiff's constitutional right of access to the courts.

*See, e.g., Patterson v. Burge,* 328 F.Supp.2d 878, 897 (N.D.Ill.2004). That right does not apply to prison grievance proceedings, however. *See Mahon v. McCall,* No. 13 Civ.2076, 2014 WL 4589855, at *4 (S.D.N.Y. Sept. 15, 2014); *Abney v. Jopp,* 655 F.Supp.2d 231, 234 (W.D.N.Y.2009). Therefore, interference with an inmate's attempt to file or pursue a grievance will not give rise to a constitutional claim, absent a showing that the defendants' actions resulted in actual prejudice to the inmate's pursuit of a *legal* action. *Abney,* 655 F.Supp.2d at 234.

Plaintiff has not alleged any actual prejudice in this or any other judicial action, resulting from defendants' alleged conspiracy to destroy evidence. Plaintiff has not been prevented from seeking judicial relief. *See Fedor v. Kudrak,* 421 F.Supp.2d 473, 483 (D.Conn.2006) (plaintiff's denial-of-access claim failed, since plaintiff was not actually prevented from initiating litigation and seeking appropriate remedies). In addition, if this action were to go to trial, plaintiff could seek an instruction permitting the jury to draw an inference adverse to defendants, although I express no opinion at this juncture whether such an instruction would be warranted. *See Livingston v. Kelly,* 423 Fed.Appx. 37, 42 n. 5 (2d Cir.2011).[3]

### III. "Fire Hose" Claim

Plaintiff's claim against Griffin, based on Griffin's spraying plaintiff with a fire hose, must be dismissed. Plaintiff brings this claim under the "cruel and unusual punishments" clause of the Eighth Amendment, which protects inmates from the use of excessive force and from prison officials' deliberate indifference to inmates' serious

---

**3.** In fact, plaintiff has filed a motion for sanctions based on defendants' alleged spoliation of evidence, which is addressed below.

medical needs. *See Hemphill v. New York,* 380 F.3d 680, 681 (2d Cir.2004); *Thompson v. Maldonado,* 309 F.3d 107, 108–09 (2d Cir.2002).

Plaintiff does not allege that he suffered any physical injury as a result of Griffin's act, however. Although he does allege that he was injured by the inmates who assaulted him, that was a separate act. In response to defendants' motion, plaintiff alleges that being sprayed with water, while Griffin verbally taunted him, caused plaintiff "mental anguish and misery," but the law is clear that "[p]risoners bringing federal lawsuits … ordinarily may not seek damages for mental or emotional injury unconnected with physical injury." *Minneci v. Pollard,* —— U.S. ——, 132 S.Ct. 617, 625, 181 L.Ed.2d 606 (2012) (citing 42 U.S.C. § 1997e(e)); *accord Toliver v. City of New York,* 530 Fed.Appx. 90, 93 n. 2 (2d Cir.2013); *Lloyd v. City of New York,* 43 F.Supp.3d 254, 270, 2014 WL 4229936, at *12 (S.D.N.Y.2014).

If plaintiff's failure-to-protect claim goes to trial, evidence that Griffin sprayed plaintiff, and of the manner in which he did so, may be admissible to establish the overall course of events, or to show Griffin's state of mind. But it cannot form the basis of an independent Eighth Amendment claim.

## IV. Failure–to–Protect Claim against Prack

█ Plaintiff's failure-to-protect claim is asserted against Griffin, Bradt and Prack. As stated, defendants at this time do not seek dismissal of this claim as against Griffin and Bradt. Insofar as this claim is asserted against Prack, however, it must be dismissed for lack of personal involvement.

█ It is well established that "[p]ersonal involvement of defendants in alleged constitutional deprivations is a pre-requisite to an award of damages under § 1983." *McKinnon v. Patterson,* 568 F.2d 930, 934 (2d Cir.1977). "Personal involvement" may be established in one of four ways: (1) direct participation; (2) learning of the deprivation but failing to remedy the wrong; (3) creating a policy or custom under which the deprivation occurred, or allowing such a policy or custom to continue; or (4) gross negligence in managing subordinates who caused the deprivation. *See Williams v. Smith,* 781 F.2d 319, 323–24 (2d Cir.1986).

Prack is identified as the DOCCS Director of Special Housing, stationed in Albany. *See* Complaint at 2; Dkt. # 14. He is not alleged to have had any direct participation in the underlying events, aside from plaintiff's conclusory allegation that Prack and Bradt had plaintiff removed from protective custody. Complaint ¶ 13. There are no allegations indicating that Prack was even aware of plaintiff's removal from protective custody, that he knew of any threats to plaintiff's safety, or that he could otherwise be held liable for the alleged violation of plaintiff's rights. This claim is therefore dismissed.

## V. Official–Capacity Claims

█ Plaintiff has sued all defendants in their individual and official capacities. Since plaintiff does not seek injunctive relief, there is no basis for any claims against defendants in their official capacities. All such claims are barred under the Eleventh Amendment to the United States Constitution, and are dismissed. *See O'Diah v. Artus,* 887 F.Supp.2d 497, 502–03 (W.D.N.Y.2012); *Taylor v. Fischer,* 841 F.Supp.2d 734, 736–37 (W.D.N.Y.2012).

## VI. Plaintiff's Motion for Sanctions

Plaintiff has filed a motion for sanctions, based on defendants' failure to preserve

relevant evidence. Plaintiff requests that defendants be precluded at trial from arguing that the alleged assault by the other two prisoners did not occur, as well a monetary sanction of $5000.

Although there are circumstances in which sanctions are warranted based on a party's failure to preserve evidence, *see* *G.W. v. Rye City Sch. Dist.*, 554 Fed.Appx. 56, 57 (2d Cir.2014), I decline to do so at this time. This matter would be better addressed closer to trial. Plaintiff's motion is therefore denied without prejudice to his renewal of the motion in advance of trial.

## CONCLUSION

Defendants' motion to dismiss (Dkt. # 11) is granted. All of plaintiff's claims are dismissed, other than his Eighth Amendment claims against defendants Bradt and Griffin, based on their alleged failure to protect plaintiff.

Plaintiff's motion for sanctions (Dkt. # 15) is denied without prejudice.

IT IS SO ORDERED.