NOTICE: NOT FOR OFFICIAL PUBLICATION. UNDER ARIZONA RULE OF THE SUPREME COURT 111(c),
THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

———

MELINDA GABRIELLA VALENZUELA, *Plaintiff/Appellant,*

*v.*

SCOTTSDALE HEALTHCARE HOSPITALS, *Defendant/Appellee.*

No. 1 CA-CV 15-0488
FILED 9-27-2016

———

Appeal from the Superior Court in Maricopa County
No. CV2014-095052
The Honorable Mark F. Aceto, Judge, *Retired*
The Honorable Robert H. Oberbillig, Judge

**AFFIRMED**

———

COUNSEL

Melinda Gabriella Valenzuela, Buckeye
*Plaintiff/Appellant*

Quintairos, Prieto, Wood & Boyer, PA, Phoenix
By Andrew E. Rosenzweig, Rita J. Bustos
*Counsel for Defendant/Appellee*

## MEMORANDUM DECISION

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Jon W. Thompson and Judge Michael J. Brown joined.

J O H N S E N, Judge:

¶1            Melinda Gabriella Valenzuela appeals the superior court's orders dismissing her complaint and denying her motion for relief from judgment.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2            Valenzuela is an inmate in the Arizona Department of Corrections ("DOC").  According to Valenzuela's complaint, a corrections officer sexually assaulted her in October 2014, and she reported the incident to DOC staff.  Despite Valenzuela's request for a rape examination, she received no treatment.  Valenzuela alleged DOC "relies on the City of Scottsdale to investigate" rape claims, but that "[t]hey refused to do so." Specifically, she alleged "she was told that per City of Scottsdale SANE dept they would not do any more test [sic] on her.  Due to past issues of no evidence."

¶3            Valenzuela's complaint named the defendant as Scottsdale Healthcare Hospitals and alleged violations of the Eighth Amendment to the United States Constitution and the Prison Rape Elimination Act ("PREA"), 42 U.S.C. §§ 15601-15609 (2012).  Scottsdale Healthcare moved to dismiss the complaint pursuant to Arizona Rule of Civil Procedure 12(b)(6). Scottsdale Healthcare acknowledged that it has a contract to treat rape victims in the custody of DOC, but asserted it received no request to examine Valenzuela in October 2014, and so could not be liable.  After Valenzuela failed to respond to the motion, the superior court dismissed the complaint with prejudice.

¶4            Valenzuela timely appealed, then filed a "Motion to Provide" with this court.  After this court stayed her appeal and revested jurisdiction in the superior court, Valenzuela filed a motion for relief from judgment pursuant to Arizona Rule of Civil Procedure 60(c), arguing she did not respond to the motion to dismiss because she was not served with the

motion. The superior court denied Valenzuela's motion for relief from judgment, and she filed an amended notice of appeal.

¶5 We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes section 12-2101(A)(1) (2016).[1]

## DISCUSSION

¶6 A party seeking relief pursuant to Rule 60(c)(1) must "show (1) mistake, inadvertence, surprise or excusable neglect; (2) that relief was sought promptly; and (3) that a meritorious claim [or defense] existed." *Maher v. Urman*, 211 Ariz. 543, 550, ¶ 21 (App. 2005) (quoting *Copeland v. Ariz. Veterans Mem'l Coliseum & Exposition Ctr*, 176 Ariz. 86, 89 (App. 1993)). On appeal, Scottsdale Healthcare does not take issue with Valenzuela's contention that she did not receive a copy of its motion to dismiss, but argues her complaint states no valid claim. Likewise, the superior court denied Valenzuela's Rule 60(c) motion because it concluded her complaint fails to state a claim for relief. We review *de novo* the dismissal of a complaint for failure to state a claim. *Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶ 7 (2012).

¶7 Valenzuela's complaint alleged the failure to investigate her sexual assault allegations violated her Eighth Amendment rights. Deliberate indifference to an inmate's serious medical needs, including a denial or delay of access to medical care, may violate the inmate's constitutional rights and may support a cause of action under 42 U.S.C. § 1983 (2012). *Braillard v. Maricopa County*, 224 Ariz. 481, 489, ¶ 20 (App. 2010).

¶8 On review, we must assume the truth of all well-pled factual allegations in Valenzuela's complaint and make all reasonable inferences from those facts. *Coleman*, 230 Ariz. at 356, ¶ 9. Valenzuela's complaint, however, alleges no wrongdoing by Scottsdale Healthcare. Instead, her complaint alleges conduct and/or statements by the "City of Scottsdale." Because Valenzuela's complaint alleges no wrongful conduct by Scottsdale Healthcare, she is unable to show that her claim is meritorious, and the

---

[1]     Absent material revision after the relevant date, we cite a statute's current version.

superior court did not err by denying her motion for relief pursuant to Rule 60(c).  *See Maher*, 211 Ariz. at 550, ¶ 21.[2]

**CONCLUSION**

**¶9**     For the foregoing reasons, we affirm the order denying Valenzuela's Rule 60(c) motion for relief from judgment.[3]



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[2]     Moreover, no private right of action exists under the PREA.  *See McCloud v. Prack*, 55 F. Supp. 3d 478, 482, n.2 (W.D. N.Y. 2014).

[3]     Because we consider the substance of Valenzuela's claims in connection with our review of the denial of her motion for relief pursuant to Rule 60(c), we need not further address the superior court's order granting Scottsdale Healthcare's motion to dismiss.